Under those circumstances, "the warrant will not be deemed to be executed" and "[t]he alleged violator will not be considered to be within the convenience and practical control of the division of parole" (Executive Law § 259-i [3] [a] [iv]). The statute, which was intended to overrule *People ex rel. Gonzales v Dalsheim* (52 NY2d 9) (*see, People ex rel. Johnson v New York State Div. of Parole,* 148 AD2d 401, 402), establishes a tolling period during which parole officials are under no obligation to prosecute the parole violation (*see, People ex rel. Brown v New York State Bd. of Parole,* 139 AD2d 548, 550; *see generally,* Executive Law § 259-i [3] [c], [d], [f]). The tolling period did not end when petitioner was returned to New York in the constructive custody of Federal officials in order to be resentenced on the Federal crime. The time limits for holding the preliminary and final parole hearings do not begin to run "until the alleged violator is detained exclusively on the basis of [the parole violation] warrant and the division of parole has received" the necessary notification regarding extradition of the alleged parole violator (Executive Law § 259-i [3] [a] [iv]; *see, People ex rel. Johnson v Warden,* 178 AD2d 331; *People ex rel. Johnson v New York State Div. of Parole, supra,* at 402). Moreover, "[t]he alleged violator will not be considered to be within the convenience and practical control of the division of parole until the warrant is deemed to be executed" (Executive Law § 259-i [3] [a] [iv]). Under the statute, the critical event is not when petitioner was returned to New York, but when he was sought to be returned to New York for a parole revocation hearing (*see, People ex rel. Brown v New York State Bd. of Parole, supra,* at 550-551; *cf., People ex rel. Corby v Sullivan,* 138 AD2d 432, 434, *lv dismissed in part and denied in part* 72 NY2d 838). To conclude otherwise disregards the statute and places parole authorities under an impossible burden because they had no means of monitoring petitioner's whereabouts while in Federal custody, no reason to anticipate that petitioner might be moved to New York, and no means of learning of that move within the first 15 days, when, according to the majority's view, a preliminary parole revocation hearing had to be afforded (*see,* Executive Law § 259-i [3] [c] [i], [iv]). (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Habeas Corpus.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Scudder and Kehoe, JJ.

■ Sandra Duncan, as Temporary Administratrix of the Estate of Donald E. Lewis, Deceased, Appellant, v Mount St. Mary's Hospital of Niagara Falls et al., Defendants, and Charles D. Rice, et al., Respondents. (Appeal No. 1.) [710 NYS2d

234] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Erie County, Sconiers, J.—Negligence.) Present—Pigott, Jr., P. J., Green, Pine, Hayes and Hurlbutt, JJ. [*See, Duncan v Mount St. Mary's Hosp.*, 176 Misc 2d 201.]

■ SANDRA DUNCAN, as Temporary Administratrix of the Estate of DONALD E. LEWIS, Deceased, Appellant, v MOUNT ST. MARY'S HOSPITAL OF NIAGARA FALLS et al., Defendants, and ALFRED J. BAX et al., Respondents. (Appeal No. 2.) [709 NYS2d 459] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Erie County, Sconiers, J.—Negligence.) Present—Pigott, Jr., P. J., Green, Pine, Hayes and Hurlbutt, JJ. [*See, Duncan v Mount St. Mary's Hosp.*, 176 Misc 2d 201.]

■ SANDRA DUNCAN, as Temporary Administratrix of the Estate of DONALD E. LEWIS, Deceased, Appellant, v MOUNT ST. MARY'S HOSPITAL OF NIAGARA FALLS et al., Respondents, et al., Defendants. (Appeal No. 3.) [707 NYS2d 564] —Amended judgment unanimously affirmed without costs. Memorandum: In this medical malpractice action, Supreme Court's reference to foreseeability in the jury charge does not constitute reversible error (*see, Garcea v Kiman*, 224 AD2d 190). Although the court's initial general instruction on negligence included a reference to foreseeability, that reference did not affect the court's subsequent clear instructions concerning the duty that defendant surgeons and anesthesiologists owed plaintiff's decedent, as determined by the physician-patient relationship (*see, Barracca v St. Francis Hosp.*, 237 AD2d 396). The court's instruction on the malpractice standard was in all respects proper (*see, Garcea v Kiman, supra*; PJI 2:150).

The court properly denied plaintiff's motion to strike the testimony of defendants' expert witness as speculative. "[C]onsidering the totality of [the] testimony of [defendants' expert witness] rather than focusing narrowly on single answers," we conclude that the expert's testimony conveyed an assurance that it was not based on either supposition or speculation (*Matott v Ward*, 48 NY2d 455, 462-463; *see, John v City of New York*, 235 AD2d 210).

Although the court erred in precluding plaintiff from reading portions of the deposition testimony of a defendant physician with respect to the length of time that elapsed before another defendant surgeon attempted to create a surgical airway for plaintiff's decedent, the error is harmless in view of the speculative and uncertain nature of the deposition testimony.